IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LOIDA SANCHEZ FIGUEROA,**<br><br>Plaintiff<br><br>v.<br><br>**BANCO POPULAR DE PUERTO RICO,**<br><br>Defendant | **CIVIL NO. 05-1076(HL)** |

# ORDER

Pending before the Court are plaintiff's Motion Submitting Expert Report **(Docket No. 9)**, defendant's Motion in Opposition thereto **(Docket No. 13)**, plaintiff's Response (**Docket No. 15**), and defendant's Motion to Exclude Plaintiff's Expert Witness (**Docket No. 16**). The Court notes that plaintiff failed to file the Motion Submitting Expert Report (Docket No.9) within the term set forth on the Scheduling Order and that plaintiff failed to move for an extension within said time frame. Fed. R. Civ. P. 6(b). On the other hand, the Court is also aware that plaintiff's expert is also her treating physician, psychiatrist Dr. Ada L. Delgado Mateo, who is therefore competent to testify on plaintiff's behalf. Whether Dr. Delgado Mateo testifies as an expert or as the treating physician makes no difference in this case. A psychiatrist is always allowed to testify concerning a patient's diagnosis, treatment, and prognosis. Nevertheless, because plaintiff failed to comply with the time limitations set forth in the Scheduling Order, the Court shall impose a **$200.00 sanction**, to be paid by the attorney on or before **April 17, 2006**, under pain of striking Dr. Delgado Mateo's testimony.

Because discovery has concluded, the Court shall allow defendant to take Dr. Delgado Mateo's deposition on or before **April 20, 2006**. Plaintiff shall make Dr. Delgado Mateo available for deposition at the date and place set forth by the defendant. Dr. Delgado Mateo's failure to appear at said deposition shall result in the preclusion of her testimony at trial.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of March, 2006.

s/ Héctor M. Laffitte
HECTOR M. LAFFITTE
U.S. DISTRICT JUDGE